JOHN ALLEN *et ux.* *vs.* OWEN KEILY.

A landlord may by force eject a tenant who, after the termination of his tenancy, retains possession of the tenement.

In such a case the only question of importance as to the tenancy is, whether it has or has not in fact terminated. The tenant's good faith, or belief in a right to retain possession, is immaterial.

DEFENDANT'S petition for a new trial.

*June* 4, 1892. TILLINGHAST, J. The only question raised by the exceptions taken to the rulings of the court in this case is, whether a landlord can forcibly eject a tenant from his premises, after the expiration of the tenancy, if the tenant holds possession, in good faith, under a color and reasonable claim of right.

The defendant requested the court to charge the jury as follows, viz. : —

*First.* " If the landlord enter and expel the occupant who wrongly holds a tenement, but uses no more force than is reasonably necessary to accomplish this, he will not be liable to an action of assault and battery, although, in order to effect such expulsion and removal, it becomes necessary to use so much force and violence as to subject him to an indictment at common law for a breach of the peace, or under the statute for making forcible entry."

*Second.* " If the plaintiff was in possession, but the rent was due more than fifteen days after demand, the plaintiff was a mere trespasser and could be expelled by the defendant."

These requests were refused by the court, and the following was charged in lieu thereof, viz. : " One in possession under a reasonable claim and color of right, honestly believing it, has a right to maintain his possession, and no personal violence can be used to expel him. . . . If Mrs. Baldwin was in possession under a claim of right, the defendant had no right to use any degree of personal force to expel plaintiff."

In explanation of its charge, and refusal to charge as requested, the court stated the law applicable to the case on trial to be as follows, viz. : " That an owner has the right to put an undoubted trespasser off his premises. But if one is out of possession of

property held by another under a color and reasonable claim of right, he has no right to use personal violence to regain possession. Hence, if Mrs. Baldwin was in possession under a fair claim of right to remain a tenant, or under her husband's tenancy, on the ground that the defendant had money belonging to one of them in his possession, more than the amount of rent due, on account of which her occupation had been recognized, he had no right to use personal violence to eject her."

We think this was error.

The question at issue, in so far as the tenancy in question was concerned, was, whether or not it had been terminated. If it had, the plaintiff was a mere trespasser, and the defendant had the right to use so much force as was reasonably necessary to expel her. If the tenancy had not been terminated, she was not a trespasser, and the defendant had no right to interfere with her. But the question as to whether Mr. Baldwin was entitled to possessions was a mere question of right, depending upon the fact as to whether the tenancy had been legally terminated, and not upon the *belief* of the tenant as to her right to remain. That is to say, the mere fact that a person honestly *believes* that he is lawfully in possession of a tenement or messuage does not prevent him from being a trespasser, and liable to be dealt with as such. Possession of real estate is either rightful or wrongful. And the right to the possession thereof, like the right of ownership, is to be determined solely by the evidence submitted, and the law applicable thereto, and is not dependent upon, or in any degree affected by, the *belief* of the claimant as to such right. If this were not so, it would be in the power of any one in the wrongful possession of real estate, who believes his possession to be rightful, to compel the person who is legally entitled to the possession thereof to resort to an action at law to recover the same, thus practically nullifying the right which the law confers upon the owner to take forcible possession by expelling the trespasser.

Nor do we see that the distinction made by the court, between " an undoubted trespasser " and one who holds possession " under a color and reasonable claim of right," changes the legal aspect of the case. Mrs. Baldwin was either a trespasser or she was not. If she was, neither her belief that she was not, nor the fact that

she held "under a color and reasonable claim of right," was of any importance. The only question of importance concerning this branch of the case was, whether she was *in fact* a trespasser. And this was a question to be determined by the jury upon all the proof bearing upon that point.

The doctrine laid down by this court in *Souter* v. *Codman*, 14 R. I. 119, and subsequently followed in *Freeman* v. *Wilson*, 16 R. I. 524, is in harmony with the current of both the American and English decisions as to the right of a landlord to use physical force in expelling a tenant whose term has expired; and we see no reason to overrule or modify the opinions therein expressed. See, also, 2 Taylor's Landlord and Tenant, 8th ed. §§ 531, 532, and cases cited.

We are therefore of the opinion that the court erred in refusing the defendant's requests to charge, and in charging to the contrary, as above set forth.               *Petition granted.*

*John M. Brennan*, for plaintiffs.
*George J. West & John Palmer*, for defendant.